UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 5: 11-110-DCR |
| V. | ) ) ) | |
| WILLIAM HARRISON CARTER, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant William Carter is currently serving an eighteen-month term of incarceration for a violation of his conditions of supervised release. [Record No. 70] Carter has filed a motion requesting a sentence reduction or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 71] He states that the risk of contracting COVID-19 and his diabetes warrant relief. He also indicates that the pandemic has placed his family at risk because his wife has a heart murmur and his children have asthma and other breathing conditions. The motion will be denied because Carter has not articulated grounds sufficient to obtain a sentence reduction or compassionate release under § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A)(i) of Title 18 provides that courts may, under certain circumstances, grant sentence reductions or compassionate release if "extraordinary and compelling reasons warrant" such relief. Title 28 of the United States Code section 994(t) states that the United States Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for

sentence reduction, including the criteria to be applied and a list of specific examples." The commission has accordingly issued United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, and its application notes set forth four narrow categories of extraordinary and compelling reasons that may justify a sentence reduction: "medical condition of the defendant," "age of the defendant," "family circumstances," or "other reasons . . . [a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1.

The application notes to the policy statement provide detailed criteria for these categories of relief. As relevant here, "medical condition of the defendant" includes circumstances where:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>> (I) suffering from a serious physical or medical condition,
>> (II) suffering from a serious functional or cognitive impairment, or
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n. 1(A). Additionally, "family circumstances" includes:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 n. 1(C).

Carter's stated grounds for relief do not meet the criteria these categories. He does not allege that he is terminally ill or that his condition, with or without the risk of contracting

- 2 -

COVID-19, substantially diminishes his ability to provide self-care. Additionally, while the Court is sympathetic to the medical conditions of the defendant's family, he does not allege that his wife is incapacitated, cannot care for his minor children, or requires his assistance as her only available caregiver. Accordingly, it is hereby

**ORDERED** that Defendant William Carter's motion for a sentence reduction or compassionate release [Record No. 71] is **DENIED**.

Dated: August 12, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky