UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>WILLIAM HARRISON CARTER, )<br>)<br>Defendant. ) | Criminal Action No. 5: 11-110-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant William Carter has filed a motion for reconsideration of the Court's prior ruling. [Record No. 73] His original motion was denied on August 12, 2020, because he failed to identify "extraordinary and compelling reasons" justifying release. [Record No. 72] He now asks the Court to reconsider his request "with all the new information in the courts, and what we have learn[ed] about COVID-19." [Record No. 73, at p. 1] He also reiterates his argument that his release is necessary to provide support to his wife and children.

Motions to reconsider § 3582(c) rulings are reviewed under the standards set out in Federal Rules of Civil Procedure 59(e) and 60(b). *United States v. Holland*, 2016 WL 1047929, at \*1 (E.D. Ky. Mar. 15, 2016). Carter does not identify the standard applicable to his motion; however, a Rule 59(e) request would be untimely. Such motions must be filed no later than 28 days after entry of the order being challenged. *Id.* (citing Fed. R. Civ. P. 59(e)). Here, the Court denied relief on August 12, 2020, and his letter was postmarked December 4, 2020, well beyond Rule 59(e)'s deadline. Therefore, Rule 60(b) contains the appropriate standard.

> To obtain relief under Rule 60(b), a movant must demonstrate:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Carter has failed to meet Rule 60(b)'s standards here. His motion repeats his earlier argument: that his medical condition (combined with the risk of COVID-19) and his need to be home to care for his family justify release. [Record No. 73] However, he has not provided new evidence that he suffers from a medical condition so serious that he is unable to receive care within a BOP facility. Under the framework utilized by this Court, a manageable medical condition is not an "extraordinary and compelling" reason justifying release. *See United States v. Begley*, 2020 U.S. Dist. LEXIS 226966, at *3 (E.D. Ky. Dec. 3, 2020) (noting that while they are no longer binding, the application notes to U.S.S.G. § 1B1.13 "provide[] a useful guide for evaluating the defendant's purported justifications for a sentence reduction").

Additionally, while Carter argues that his wife and family would benefit from his presence, he has also offered no newly discovered evidence that his wife is unable to care for their minor children or that she is incapacitated and requires his assistance as her only available caregiver. Rather, he asks for release to "relie[ve] some of the pressure" his family faces due to the COVID-19 pandemic. [Record No. 73, p. 2] This "pressure," faced by many Americans in the midst of a pandemic, is not an "extraordinary and compelling" reason justifying release, and is insufficient to merit reconsideration under Rule 60(b).

Accordingly, it is hereby

**ORDERED** that Defendant William Carter's motion for reconsideration [Record No. 73] is **DENIED**.

Dated: December 8, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky